IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: TK HOLDINGS, INC., *et al.*, | : : | Chapter 11 |
| | : | Bankruptcy Case No. 17-11375 (BLS) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ROBERT MONTREAL, | : : | |
| Appellant, | : | |
| v. | : : | Civil Action No. 21-1589-RGA |
| ERIC D. GREEN, in his capacity as trustee of the PSAN PI/WD Trust d/b/a/ the Takata Airbag Tort Compensation Trust Fund, | : : : : | |
| Appellee. | : : | |

**MEMORANDUM ORDER**

Pending before this Court is *pro se* appellant Robert Montreal's Motion to "Reinstate" (D.I. 21) (the "Motion") which appears to seek reconsideration of the Court's September 29, 2022 order (D.I. 20) ("Dismissal Order") dismissing his appeal for lack of jurisdiction. For the reasons set forth below, Appellant's Motion is denied.

1. **Background.** On November 10, 2021, Appellant filed a document considered to be a Notice of Appeal (D.I. 1) from an October 21, 2020 Order of the Bankruptcy Court, which dismissed Appellant's claims, among others, against the bankruptcy estate of the above-captioned Debtors (D.I. 1-1). Appellant's Notice of Appeal was filed more than a year after the expiry of the 14-day appeal deadline provided pursuant to Bankruptcy Rule 8002(a), and Appellant failed to seek an extension from the Bankruptcy Court by showing excusable neglect of the time within which to appeal.

2. Without a timely notice of appeal, I do not have appellate jurisdiction over the appeal. "[T]he prescribed timeline within which an appeal from a bankruptcy court must be filed

is mandatory and jurisdictional." *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011). Accordingly, on September 29, 2022, I entered the Dismissal Order.

3. On October 25, 2022, Robert Montreal filed the instant Motion, which asks this Court to "reinstate" his appeal. There is no "reinstatement" remedy provided for under Part VIII of the Bankruptcy Rules, which govern bankruptcy appeals to this Court. *See generally* Fed. R. Bankr. P. 8001-8028; *see also* Fed. R. Bankr. P. 8001(a) ("These Part VIII rules govern the procedure in a United States district court . . . on appeal from a judgment, order, or decree of a bankruptcy court."); D. Del. L.R. 7.1.2(c), 7.1.3(c),(f) (providing, *inter alia*, that "[b]ankruptcy appeals shall be exempt from the requirements of this Rule, and shall instead conform to the requirements of the Federal Rules of Bankruptcy Procedure and Part VIII of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware"). Notably, there is no "motion for reconsideration" under the Bankruptcy Rules either. However, if construed liberally, in light of Appellant's *pro se* status, the remedy Appellant seeks in the Motion is most closely aligned with a "motion for rehearing" under Bankruptcy Rule 8022. Accordingly, I will construe the Motion as a request for rehearing. The Motion is fully briefed. (D.I. 21, 23).[1]

4. **Applicable standard.** "When a district court is acting as an appellate court in a bankruptcy case, Bankruptcy Rule 8022 provides the sole mechanism for filing a motion for rehearing." *U.S. Dep't of Justice v. Hudson*, 2009 WL 7172812, at *3 (N.D.N.Y. July 8, 2009) (addressing predecessor Rule 8015) (quoting *In re Spiegel, Inc.*, 2007 WL 2609966, at *1 (S.D.N.Y. Aug. 22, 2007)). A motion for rehearing under Bankruptcy Rule 8022 "functions,

---

[1] Notwithstanding Bankruptcy Rule 8022(a)(3), the Court has considered the response filed by appellee, Eric D. Green, in his capacity as trustee of the PSAN PI/WD Trust d/b/a the Takata Airbag Tort Compensation Trust Fund, pursuant to D. Del. LR 7.1.5(a).

essentially, like a traditional motion for reconsideration." *Lau v. Bank of America, N.A. (In re Lau)*, 684 F. App'x 235, 239 (3d Cir. 2017). The Third Circuit test under Bankruptcy Rule 8022 is whether "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented . . . by the parties; (3) the court has made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court." *Lau*, 684 F. App'x at 239.

5. The standard that a movant "must meet to prevail on a motion for reconsideration is high." *Zokaites Properties LP v. La Mesa Racing, LLC*, 2011 WL 2293283, at *1 (W.D. Pa. June 9, 2011) (citing *Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004)). A Bankruptcy Rule 8022 motion "does not permit parties to recycle cases and arguments which the District Court already rejected in rendering its original decision." *Lau*, 684 F. App'x at 239. "A party's mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling." *Zokaites*, 2011 WL 2293283, at *1; *see also Dare Invs., LLC v. Chi. Title Ins. Co.*, 2011 WL 5513196, at *5 (D.N.J. Nov. 10, 2011). Moreover, reargument and reconsideration requests "are not a substitute for an appeal from a final judgment" nor are they an opportunity for "endless debate between the parties and the Court." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

6. Finally, because Appellant proceeds *pro se*, this Court must construe the Motion liberally. Appellant's *pro se* status has no significance when it comes to a jurisdictional defect. *See In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016) ("there are no equitable exceptions to a jurisdictional requirement.") (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).

7. **Analysis.** Appellant argues for reconsideration ("reinstatement") on the basis that this Court overlooked or misapprehended the law or the facts in this case. More specifically, Appellant asserts that this Court has jurisdiction to hear his appeal because the Notice of Appeal

3

was mistakenly "filed in another court" under "Fed. R. Bankr. P. 8002[(a)](4)"[2] (*see* D.I. 21, p. 2 of 49) and was sent within the 14-day period (*id.*, p. 8 of 49). Appellant's Motion also attaches "postal receipts" as evidence that the Notice of Appeal was sent by certified mail on November 5, 2020 and that he had "14 days to file plus 3 days if appeal is sent by U.S. mail." (*See id.*)

8.  "It is well settled that a notice of appeal or a petition for review is filed once the Court of Appeals receives actual custody of the document." *City of Chicago v. U.S. Dep't of Labor*, 737 F.2d 1466, 1471 (7th Cir. 1984). In most circumstances, the date stamped on the notice of appeal will be the date of filing. *In re Syntax-Brillian Corp.*, 610 F. App'x 132, 134 (3d Cir. 2015). However, the Third Circuit has previously observed that the date stamped on the notice of appeal by a court clerk is not always conclusive of the date of filing. *See, e.g., United States v. Solly*, 545 F.2d 874, 876 (3d Cir. 1976) (construing Fed. R. App. P. 4). The Third Circuit has determined that "whenever a notice of appeal is filed in a district court, it is filed as of the time it is actually received in the clerk's office even though it is designated as filed by the clerk's office at a later date." *Id.*

9.  The Dismissal Order sets forth the October 21, 2020 date of the Bankruptcy Court order from which Appellant appealed. Accordingly, to have been timely filed, Appellant needed his Notice of Appeal to have been actually received by the clerk's office on or before November 4, 2020. *See Solly*, 545 F.2d at 876. Even assuming Appellant sent his Notice of Appeal via certified mail on November 5, 2020, as he asserts, the Notice of Appeal remains untimely filed. *See, e.g.*, Fed. Bankr. R. 8002(a)(1) (notice of appeal must be filed with the bankruptcy clerk

---

[2] Federal Rule of Bankruptcy Procedure 8002(a)(4) governs mistaken filing of a notice of appeal in another court and provides, "If a notice of appeal is mistakenly filed in a district court, BAP, or court of appeals, the clerk of that court must state on the notice the date on which it was received and transmit it to the bankruptcy clerk. The notice of appeal is then considered filed in the bankruptcy court on the date so stated."

"within 14 days after entry of the judgment, order, or decree being appealed"). Mailing the Notice of Appeal on or after such deadline, even if by certified mail, and even if mistakenly to another court, does not comport with the Bankruptcy Rule 8002(a)(1).

10. The Motion does not assert with any particularity that this Court misunderstood Appellant, made a decision outside the adversarial issues presented by the parties, made an error of apprehension, or been presented with a significant change in law or facts. The issue of whether Appellant timely filed his appeal has already been presented and decided. Appellant fails to present new facts or law that would provide a basis to change the Court's ruling in the Dismissal Order. Even accepting Appellant's allegations as true, the fact that Appellant cannot evidence receipt of the Notice of Appeal by the clerk within the 14-day period remains fatal.

11. Moreover, the Motion itself was untimely. Bankruptcy Rule 8022 provides that "[u]nless time is shortened or extended by order or local rule, any motion for rehearing by the district court or BAP must be filed within 14 days after entry of the judgment on appeal." Fed. R. Bankr. P. 8022(a)(1). D. Del. LR 7.1.5(a) provides in relevant part that "[i]f a party chooses to file a motion for reargument, said motion shall be filed within 14 days after the Court issues its opinion or decision..." D. Del. LR 7.1.5(a). The Dismissal Order was docketed and served on September 29, 2022, Appellant's Motion is dated October 19, 2022, and the Motion was docketed on October 25, 2022. Appellant was required to file his Rule 8022 Motion by October 13, 2022, which he failed to do. Accordingly, Appellant's Motion was untimely.

12. **Conclusion.** Appellant's untimely Motion fails to satisfy the standard under Bankruptcy Rule 8022. The Motion is therefore denied.

/s/ Richard G. Andrews
United States District Judge

12/6/22

5